

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00148-CR

QUANTEL RAYSHON WAGGONER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 7th District Court
Smith County, Texas
Trial Court No. 007-1699-18

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

Quantel Rayshon Waggoner entered an open plea of guilty to family violence assault with a prior conviction for family violence assault, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(2) (Supp.). After a trial to the bench on punishment, the trial court sentenced Waggoner to five years' imprisonment. Waggoner appeals.[1]

Waggoner's attorney on appeal has filed a brief stating that he has reviewed the record and has found no genuinely arguable issues that could be raised. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial proceedings. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On September 16, 2019, counsel mailed to Waggoner a copy of the brief, the motion to withdraw, and a motion for pro se access to the appellate record lacking only Waggoner's signature. Waggoner was informed of his right to review the record and file a pro se response. This Court informed Waggoner that a pro se motion for access to the appellate record was due on or before October 2. On October 2, we notified Waggoner that we had not received a pro se motion

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Twelfth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

for access to the record and informed Waggoner that any pro se response was due on or before November 6. On November 18, this Court further informed Waggoner that the case would be set for submission on the briefs on December 9. We received neither a pro se response from Waggoner nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[2]

Scott E. Stevens
Justice

Date Submitted:     December 9, 2019
Date Decided:       December 13, 2019

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.